UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MIGUEL BONILLA-RIVERA,
    Petitioner,

v.                                                     Case No. 8:24-cv-799-KKM-AEP

SECRETARY, DEPARTMENT
OF CORRECTIONS,
    Respondent.
_____

## ORDER

    Bonilla-Rivera, a Florida prisoner, filed a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. 1.) Upon consideration of the petition, (*id.*), the response opposing the petition as time-barred, (Doc. 5), and Bonilla-Rivera's reply, (Doc. 7), the petition is dismissed as time-barred. Because reasonable jurists would not disagree, a certificate of appealability also is not warranted.

## I.    INTRODUCTION

    Bonilla-Rivera pleaded nolo contendere to ten counts of possession of child pornography and one count of promoting the sexual performance of a child. (Doc. 6-2, Ex. 1, p. 65.) He received an overall sentence of 30 years in prison, followed by 10 years on sex offender probation. (*Id.*, pp. 59-63, 69-77.) The state appellate court per curiam affirmed the convictions and sentence. (Doc. 6-2, Ex. 6.)

Bonilla-Rivera moved for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Doc. 6-2, Ex. 8, pp. 1-18.) The state trial court denied relief, and the state appellate court per curiam affirmed. (Doc. 6-2, Ex. 8, pp. 275-92; Doc. 6-2, Ex. 11.) The state appellate court dismissed as untimely Bonilla-Rivera's petition alleging ineffective assistance of appellate counsel filed under Florida Rule of Appellate Procedure 9.141. (Doc. 6-2, Exs. 13 & 14.)

## II.  ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Under the AEDPA, a federal habeas petitioner has a one-year period to file a § 2254 petition. This limitation period begins running on the later of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). It is tolled for the time that a "properly filed application for State post-conviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2).

### A. The Petition's Untimeliness under § 2244(d)(1)(A)

The state appellate court affirmed Bonilla-Rivera's convictions and sentence on September 30, 2020. (Doc. 6-2, Ex. 6.) His judgment became final 90 days later, on December 29, 2020, upon expiration of the time to petition the Supreme Court of the

2

United States for a writ of certiorari. *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002).

Bonilla-Rivera had until December 29, 2021, absent statutory tolling, to file his § 2254 petition. Bonilla-Rivera did not file any tolling motions in state court on or before the December 29, 2021 deadline. Thus, the AEDPA limitation period expired well before Bonilla-Rivera filed his § 2254 petition on March 20, 2024. The postconviction motion that Bonilla-Rivera filed in state court on September 13, 2022, after the AEDPA limitation period expired, did not revive that period. (Doc. 6-2, Ex. 8, p. 1); *see Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) ("[A] state court petition . . . that is filed following the expiration of the federal limitations period 'cannot toll that period because there is no period remaining to be tolled.' " (quoting *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000))). Accordingly, Bonilla-Rivera's § 2254 petition is untimely under § 2244(d)(1)(A).

### B. Equitable Tolling

Bonilla-Rivera contends that he is entitled to equitable tolling. Section 2244(d) "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" of his § 2254 petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "[T]he burden of proving circumstances that

justify the application of the equitable tolling doctrine rests squarely on the petitioner," and "[m]ere conclusory allegations are insufficient to raise the issue of equitable tolling." *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011). A petitioner must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *Id.* at 1267.

Because this is a "difficult burden" to meet, the Eleventh Circuit "has rejected most claims for equitable tolling." *Diaz v. Sec'y, Dep't of Corr.*, 362 F.3d 698, 701 (11th Cir. 2004); *see also Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) ("[E]quitable tolling applies only in truly extraordinary circumstances."); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) ("Equitable tolling is an extraordinary remedy which is typically applied sparingly."). The applicability of equitable tolling depends on a case's facts and circumstances. *See Holland*, 560 U.S. at 649-50 (stating that equitable tolling decisions are made on a case-by-case basis); *Knight v. Schofield*, 292 F.3d 709, 711 (11th Cir. 2002) (stating that for purposes of equitable tolling, "[e]ach case turns on its own facts").

Bonilla-Rivera asserts that the law firm he hired to file his state postconviction motion showed "blatant neglect" by failing to file the motion in time to toll the AEDPA limitation period under § 2244(d)(2). (Doc. 1, p. 9.) Bonilla-Rivera alleges that he retained the firm "in July of 2019, which was eight months prior to the Public Defender's submission of the direct appeal initial brief." (Doc. 7, p. 4.) He alleges that the firm "passed

4

responsibility for the case from Attorney to Attorney to Attorney for over three years before finally submitting a pathetic postconviction motion on September 13, 2022, which was 256 days after the expiration of [his] AEDPA one year time limit." (*Id.*) Bonilla-Rivera alleges that one of the attorneys mentioned "federalizing" his postconviction claims, and that "early stage legal teleconferences" with attorneys from the firm "led [him] to believe that they would protect his Federal time which equates to bad faith and dishonesty." (*Id.*, pp. 5-6.)

Bonilla-Rivera is not entitled to equitable tolling. First, Bonilla-Rivera has not shown that he diligently pursued the timely filing of his § 2254 petition. Bonilla-Rivera alleges that he was aware, at an "early stage" of the attorney-client relationship, of a federal habeas deadline. But Bonilla-Rivera does not allege that he asked anyone at the law firm about the AEDPA filing deadline or whether the postconviction motion needed to be filed earlier to meet the deadline, or that he took other actions to seek the timely filing of his § 2254 petition. *See, e.g., Holland*, 560 U.S. at 653-54 (holding that the petitioner exercised the necessary diligence when, among other acts, he repeatedly wrote letters to his attorneys concerning the limitation period and attempted to remove his attorney, who misunderstood the deadline, by contacting various courts and the Florida Bar); *San Martin*, 633 F.3d at 1269 ("[E]fforts to learn the disposition of pre-federal habeas steps are crucial to determining whether equitable tolling is appropriate.").

Further, even if Bonilla-Rivera had shown diligence, he has not established that his postconviction attorneys' failure to file the state postconviction motion in time to toll the AEDPA limitation period is an extraordinary circumstance. The equitable tolling inquiry concerns a petitioner's ability to timely file his § 2254 petition, not his ability to toll the AEDPA limitation period by filing a state court motion. Bonilla-Rivera does not assert that the law firm's representation extended to filing a § 2254 petition.

Moreover, an attorney's miscalculation of the limitation period or misapprehension about the limitation generally is not a basis for equitable tolling. *See Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1223-24, 1236-37 (11th Cir. 2017) (explaining that equitable tolling may be warranted upon instances of serious attorney misconduct including abandonment of the client, bad faith, dishonesty, divided loyalty, or mental impairment, but that equitable tolling is not warranted due to an attorney's negligence or misunderstanding of the law).

Although Bonilla-Rivera alleges that the attorneys acted dishonestly and in bad faith because they led him to believe that they would "protect" his ability to timely file a federal habeas petition, his conclusory factual allegations do not show that their actions rose to the level of bad faith or dishonesty. Bonilla-Rivera also claims that the attorneys abandoned him because they failed to file "a postconviction motion that protected [his] rights to seek Federal review" despite having "the task, time and resources" to do so. (Doc. 7, p. 6.) The facts alleged do not establish abandonment. "Abandonment denotes

6

renunciation or withdrawal, or a rejection or desertion of one's responsibilities, a walking away from a relationship." *Cadet*, 853 F.3d at 1234. Bonilla-Rivera alleges that the assigned attorney changed several times, but he does not allege that he was left without an attorney at any point. And the firm filed a Rule 3.850 motion in state court on his behalf. Bonilla-Rivera does not show that his postconviction attorneys' failure to commence statutory tolling by filing his state court postconviction motion before the expiration of the AEDPA limitation period is an extraordinary circumstance. As Bonilla-Rivera has not established an entitlement to equitable tolling, his petition is dismissed as untimely.[1]

## III.  CERTIFICATE OF APPEALABILITY

Bonilla-Rivera is not entitled to a certificate of appealability (COA). A prisoner seeking a writ of habeas corpus has no absolute entitlement to a COA. 28 U.S.C. § 2253(c)(1). The district court or circuit court must issue a COA. *Id.* To obtain a COA, Bonilla-Rivera must show that reasonable jurists would debate both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the petition is time-barred, Bonilla-Rivera cannot satisfy the second prong of the *Slack* test. As Bonilla-Rivera is not entitled to a COA, he is not entitled to appeal in forma pauperis.

---

[1] Bonilla-Rivera does not argue that the Court can consider his untimely petition on the basis that he is actually innocent. *See McQuiggin v. Perkins*, 569 U.S. 383 (2013).

Therefore, the Court **ORDERS** that Bonilla-Rivera's Petition for Writ of Habeas Corpus, (Doc. 1), is **DISMISSED with prejudice as time-barred**. The **CLERK** is directed to enter judgment against Bonilla-Rivera and in Respondent's favor and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on February 12, 2025.

Kathryn Kimball Mizelle
United States District Judge